**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARMING CHARLIE HOLDINGS INC., | ) | Case No. 19-11534 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 80-0966139 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARMING CHARLIE CANADA LLC, | ) | Case No. 19-11535 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-5360693 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARMING CHARLIE INTERNATIONAL LLC, | ) | Case No. 19-11536 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-5175887 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARMING CHARLIE LLC, | ) | Case No. 19-11537 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-0720263 | ) | |

| | |
|---|---|
| In re: ) <br> ) <br> CHARMING CHARLIE MANHATTAN LLC, ) <br> ) <br> Debtor. ) <br> ) <br> Tax I.D. No. 46-3307408 ) <br> ) | Chapter 11 <br><br> Case No. 19-11538 (___) |
| In re: ) <br> ) <br> CHARMING CHARLIE USA, INC., ) <br> ) <br> Debtor. ) <br> ) <br> Tax I.D. No. 46-5193973 ) <br> ) | Chapter 11 <br><br> Case No. 19-11539 (___) |
| In re: ) <br> ) <br> POSEIDON PARTNERS CMS, INC., ) <br> ) <br> Debtor. ) <br> ) <br> Tax I.D. No. 27-0883302 ) <br> ) | Chapter 11 <br><br> Case No. 19-11540 (___) |

**DEBTORS' MOTION SEEKING ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF THEIR
RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:[1]

---

[1] A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Alvaro Bellon, Chief Financial Officer of Charming Charlie Holdings Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on July 11, 2019 (the "Petition Date"). Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

2

**Relief Requested**

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):  (a) directing procedural consolidation and joint administration of their related chapter 11 cases; and (b) granting related relief.  Specifically, the Debtors request that the Court maintain one file and one docket for all of these chapter 11 cases under the case of Charming Charlie Holdings Inc., and that these chapter 11 cases be administered under the following caption:

UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARMING CHARLIE HOLDINGS INC., *et al.*,[1] | ) | Case No. 19-11534 (___) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Charming Charlie Canada LLC (0693); Charming Charlie Holdings Inc. (6139); Charming Charlie International LLC (5887); Charming Charlie LLC (0263); Charming Charlie Manhattan LLC (7408); Charming Charlie USA, Inc. (3973); and Poseidon Partners CMS, Inc. (3302). The location of the Debtors' headquarters is:  6001 Savoy Drive, Ste. 600, Houston, Texas 77036.

2.     The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3.     Additionally, the Debtors request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than on the docket of the case of Charming Charlie Holdings Inc., substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: Charming Charlie

>Holdings Inc., Case No. 19-11534; Charming Charlie Canada LLC, Case No. 19-11535; Charming Charlie International LLC, Case No. 19-11536; Charming Charlie LLC, Case No. 19-11537; Charming Charlie Manhattan LLC, Case No. 19-11538; Charming Charlie USA, Inc., Case No. 19-11539; and Poseidon Partners CMS, Inc., Case No. 19-11540.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-11534 (___).

### Jurisdiction and Venue

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are sections 105(a) and 342 of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

### Basis for Relief

7. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  The seven Debtor entities that commenced chapter 11 cases are

"affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

8. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

9. Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors. *See, e.g., In re Southcross Energy Partners, L.P.*, No. 19-10702 (MFW) (Bankr. D. Del. Apr. 2, 2019) (directing joint administration of chapter 11 cases); *In re Pernix Sleep, Inc.*, No. 19-10323 (CSS) (Bankr. D. Del. Feb. 21, 2019) (same); *In re Imerys Talc Am., Inc.*, No. 19-10289 (LLS) (Bankr. D. Del Feb. 14, 2019) (same); *In re LBI Media, Inc.*, No. 18-12655 (CSS) (Bankr. D. Del. Nov. 21, 2018) (same); *In re ONE Aviation Corp.*, No. 18-12309 (CSS) (Bankr. D. Del. Oct. 11, 2018) (same); *In re ATD Corp.*, No. 18-12221 (KJC) (Bankr. D. Del. Oct. 5, 2018) (same).[2]

10. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. The entry of the Order directing joint

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

5

administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

11. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

### Notice

12. The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Agents and the Prepetition ABL Agents; (d) counsel to the Prepetition Term Loan Agent and the Prepetition Vender Financing Agent; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the state attorneys general for all states in which the Debtors conduct business; and (i) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

13. No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: July 11, 2019
Wilmington, Delaware

/s/ *Domenic E. Pacitti*
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Sally E. Veghte (DE Bar No. 4762)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193

- and -

Matthew M. Murphy (*pro hac vice* admission pending)
Nathan S. Gimpel (*pro hac vice* admission pending)
Matthew Smart (*pro hac vice* admission pending)
**PAUL HASTINGS LLP**
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Todd M. Schwartz (*pro hac vice* admission pending)
**PAUL HASTINGS LLP**
1117 South California Avenue
Palo Alto, California 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

*Proposed Co-Counsel to the Debtors and Debtors in Possession*