## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| CHARMING CHARLIE HOLDINGS INC., *et al.*,[1] | ) Case No. 19-11534 (CSS) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re: Docket No. 245** |

### ORDER, PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE SALE OF CERTAIN INTELLECTUAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] the above-captioned debtors and debtors and possession (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Sale of the Intellectual Property on an "as is, where is" basis, free and clear of all liens, claims, encumbrances, and interests, to the purchaser (the "Purchaser") identified in the Purchase Agreement, dated September 11, 2019, annexed hereto as **Exhibit 1** and (ii) granting related relief; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and due and adequate notice of the Motion having been

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Charming Charlie Canada LLC (0693); Charming Charlie Holdings Inc. (6139); Charming Charlie International LLC (5887); Charming Charlie LLC (0263); Charming Charlie Manhattan LLC (7408); Charming Charlie USA, Inc. (3973); and Poseidon Partners CMS, Inc. (3302). The location of the Debtors' headquarters is: 6001 Savoy Drive, Houston, Texas 77036.

[2] Capitalized terms not defined herein shall have the meanings provided to them in the Motion.

given under the circumstances; and upon the entire record in these chapter 11 cases; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core matter pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution. Venue of these chapter 11 cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The statutory bases for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014.

D. Due and adequate notice of the Motion, the proposed Sale, the Sale Hearing, and the subject matter thereof has been provided to all parties in interest herein, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

E. The relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

F. The Sale was negotiated and proposed in good faith, from arm's-length bargaining positions, and without collusion. The Purchaser is a good-faith purchaser within the

meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor the Purchaser has engaged in any conduct that would cause or permit the sale of the Intellectual Property to the Purchaser to be avoided under section 363(n) of the Bankruptcy Code.

G. The consideration provided by the Purchaser to the Debtors for the Intellectual Property (i) is fair and reasonable, (ii) is the highest or best offer for the Intellectual Property, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession.

H. The Debtors are authorized to sell the Intellectual Property to the Purchaser free and clear of all liens, claims, interests, and encumbrances of any kind or nature whatsoever, with such liens, claims, interests, and encumbrances transferring and attaching to the proceeds of the Sale with the same validity and priority as such interests had in the Intellectual Property immediately prior to the consummation of the Sale, because one or more of the standards set forth in sections 363(f)(1)–(5) of the Bankruptcy Code have been satisfied. Those holders of liens, claims, interests, and encumbrances who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of liens, claims, interests, and encumbrances who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their interests, if any, attach to the proceeds of the Sale of the Intellectual Property.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2.    All objections to the Motion or relief provided herein that have not been withdrawn, waived, or settled are hereby overruled and denied on the merits.

3.    Pursuant to sections 105 and 363 of the Bankruptcy Code and the terms of the Purchase Agreement annexed hereto as **Exhibit 1**, the Debtors are hereby authorized to sell, transfer, and convey the Intellectual Property to the Purchaser.

4.    The Intellectual Property sold pursuant to the Purchase Agreement to the Purchaser is being sold "AS IS-WHERE IS," without any representations or warranties from the Debtors as to the quality or fitness of such assets for either their intended or any other purposes.

5.    The Intellectual Property shall be sold free and clear of all liens, mortgages, leases, or other rights or claims of right to use or occupancy, encumbrances, security interests, claims, charges, or other legal or equitable encumbrances and any other matter affecting title (collectively, "Liens"), with any Liens in such Intellectual Property, or the proceeds thereof, to attach to the proceeds of such sale with the same validity, priority, and effect as they have against the Intellectual Property.

6.    Pursuant to section 363(b) of the Bankruptcy Code, the Debtors and the Purchaser, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Purchase Agreement. Any actions taken by the Debtors and the Purchaser necessary or desirable to consummate such transaction prior to the entry of this Order are hereby ratified.

7.    The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Sales or this Order.

Sept. 16, 2019              _[signature]_