**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARMING CHARLIE HOLDINGS INC., *et al.*,[1] | ) | Case No. 19-11534 (CSS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THEIR EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion:

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), extending the Debtors' exclusive periods to file a chapter 11 plan (the "Exclusive Filing Period") and to solicit acceptances of such plan (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods")[2] for approximately 120 days through and including March 9, 2020, and May 6, 2020, respectively, without prejudice to their rights to request further extensions or to seek other appropriate relief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Charming Charlie Canada LLC (0693); Charming Charlie Holdings Inc. (6139); Charming Charlie International LLC (5887); Charming Charlie LLC (0263); Charming Charlie Manhattan LLC (7408); Charming Charlie USA, Inc. (3973); and Poseidon Partners CMS, Inc. (3302). The location of the Debtors' headquarters is: Charming Charlie, c/o WeWork, 1725 Hughes Landing Blvd., The Woodlands, Texas 77380.

[2] Under Local Rule 9006-2, the Exclusive Periods "shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order."

LEGAL_US_E # 144803779.3
PHIL1 8346402v.1

**Jurisdiction**

2.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and local rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory predicates for the relief requested herein are sections 105(a) and 1121 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9006(b)(1), and Local Rule 9006-2.

**Background**

5.  On July 11, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Alvaro Bellon, Chief Financial Officer of Charming*

*Charlie Holdings Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").[3]

6.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 73]. The Debtors continue to manage their estates as debtors in possession pursuant to section 1107(a) of the Bankruptcy Code. On July 19, 2019, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 117].

7.  The Exclusive Filing Period and Exclusive Solicitation Period currently expire on November 8, 2019, and January 7, 2020, respectively.

**Basis for Relief**

**I.    The Court Can Extend the Exclusive Periods for "Cause."**

8.  Under section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to file a chapter 11 plan in the first 120 days following the commencement of a chapter 11 case. If a debtor files a plan during this exclusive filing period, section 1121(c)(3) of the Bankruptcy Code provides a debtor with 60 additional days following the expiration of the exclusive filing period (or 180 days following the commencement of the case) to solicit acceptances of a plan. In circumstances where, as here, the initial exclusive periods prove to be an insufficient time frame to confirm a meaningful chapter 11 plan, section 1121(d) of the Bankruptcy Code allows the Court to extend a debtor's exclusive periods for "cause." The decision to extend the exclusive periods rests within the sound discretion of a court. *See First Am. Bank of New York v. Sw. Gloves and*

---

[3] Capitalized terms used but not otherwise defined shall have the meaning given to them in the First Day Declaration.

3

*Safety Equip., Inc.*, 64 B.R. 963, 965–66 (D. Del. 1986) (finding authority to extend the debtor's exclusivity within the discretion of the bankruptcy court).

9.      While the Bankruptcy Code does not define "cause," court rely on various factors to determine whether cause exists to extend a debtor's exclusive periods, including:  (1) the size and complexity of the case; (2) the necessity of sufficient time to negotiate and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) whether the debtor is paying its debts as they come due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiating with creditors; (7) the length of time the case has been pending; (8) whether the debtor is seeking the extension to pressure creditors; and (9) whether unresolved contingencies exist.  *See, e.g.*, *Cont'l Cas. Co. v. Burns & Roe Enters., Inc. (In re Burns & Roe Enters.)*, Nos. 05-2529 (KSH), 05-4125 (KSH), 2005 U.S. Dist. LEXIS 26247, at *11–12 (D.N.J. 2005); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002).

10.     Not all of these factors are relevant in every case, and a finding that any one of these factors exist may justify extending a debtor's exclusive periods.  *See In re Express One Int'l*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (four factors relevant in determining whether cause exists to extend exclusivity); *In re Interco, Inc.*, 137 B.R. 999, 1000–01 (Bankr. E.D. Mo. 1992) (four factors demonstrated that bondholders' committee failed to show cause to terminate debtors' exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that the debtor showed "cause" to extend its exclusivity period based upon a showing of certain of the factors listed above).  In fact, the mere complexity and size of a chapter 11 case alone may warrant extension of the exclusive periods in order to permit a debtor meaningful opportunity to formulate a chapter 11 plan.  *See, e.g.*, *In re Texaco, Inc.*, 76 B.R. 322, 325 (Bankr. S.D.N.Y. 1987) (holding

4

that "cause" existed to grant debtor's request to extend exclusivity based on size and complexity of case alone).

## II. Cause Exists for an Extension of the Debtors' Exclusive Periods.

11. The application of the factors to the facts and circumstances of these chapter 11 cases demonstrates that the requested extensions are both appropriate and necessary to afford the Debtors with time to file, solicit, and confirm a chapter 11 plan.

### A. The Size and Complexity of These Cases Necessitate Additional Time (Factors 1 and 2).

12. These chapter 11 cases have presented various complex and time-consuming issues, including conducting store-closing sales with respect to all of the Debtors' stores, obtaining approval of the sale of the Debtors' intellectual property, and attending to a myriad of other matters. These issues have required the full focus of the Debtors and their professionals since the Petition Date. The Debtors' efforts throughout these chapter 11 cases have been focused upon the execution of a comprehensive effort to maximize the value of the Debtors' assets for the benefit of their creditors. In light of the complexity of these chapter 11 cases and the significant progress made thus far, the extensions requested herein are necessary to allow the negotiation, filing, solicitation, and confirmation of a chapter 11 plan.

### B. The Debtors Have Made Substantial, Good-Faith Progress Toward an Ultimate Resolution of These Cases (Factors 3, 5, 6, and 8).

13. As described above, in the relatively short duration of these cases, the Debtors have made substantial progress. The Debtors have already conducted and concluded multiple sale processes to maximize the value of their assets. Throughout this process, the Debtors have worked, and continue to work, diligently with the multiple parties, including their remaining prepetition lenders, the Committee, and certain claim holders, to consensually resolve issues and reach outcomes that will provide the framework for a plan of liquidation and the ultimate disposition of

5
LEGAL_US_E # 144803779.3
PHIL1 8346402v.1

these chapter 11 cases. Further, the Debtors have acted in good faith in order to achieve the most value from their assets. The Debtors have no ulterior motive and are in no way seeking an extension to pressure creditors. Rather, the Debtors are seeking the extensions in order to provide sufficient time for negotiations regarding various issues and build consensus for a plan of liquidation.

14. Extension of the Exclusive Periods for the purpose of filing, soliciting, and confirming a plan without the distraction, cost, and delay of competing plans is consistent with the goals of section 1121 of the Bankruptcy Code. *See In re Texaco, Inc.*, 81 B.R. 806, 809 (Bankr. S.D.N.Y. 1988) (stating purpose of exclusivity is to enable debtors to negotiate plans without undue interruption).

      **C.**    **The Debtors Have and Will Continue to Pay Postpetition Administrative Expenses as They Come Due (Factor 4).**

15. Since filing these chapter 11 cases, the Debtors have taken numerous affirmative steps to reduce costs and ensure that administrative expenses are paid. The Debtors respectfully submit that, under the relevant facts and circumstances, the requested extension of the Exclusive Periods will not prejudice the legitimate interests of creditors, as the Debtors continue to make timely payment on their undisputed postpetition obligations.

      **D.**    **The Debtors' Cases Have Been Pending for Less Than Five Months (Factor 7).**

16. Although these chapter 11 cases are less than five months old, they have been quickly progressing towards an orderly and comprehensive conclusion. As set forth above, the Debtors have already made significant steps towards resolution of these cases. In light of the relatively short duration of these cases, the Debtors submit that the requested extension is reasonable and appropriate.

LEGAL_US_E # 144803779.3
PHIL1 8346402v.1

**III.     Allowing Exclusivity to Lapse Would Harm the Debtors' Estates.**

17.     Termination of the Exclusive Periods would adversely impact the progress of these chapter 11 cases.  Not extending, and thus terminating, exclusivity would permit any party in interest to propose a plan and frustrate the efforts to date of the Debtors and their principal stakeholders.  This would foster a chaotic environment with no central focus and threaten the Debtors' efforts to maximize the value of the estates for the benefit of the Debtors' creditors.  Moreover, the Exclusive Periods should be extended for a duration sufficient to ensure that, if confirmation of a plan should be denied for any reason, the parties will have sufficient time thereafter to reassess and pursue all alternative options with respect to these chapter 11 cases.

18.     Further, the requested extension is within the range of similar relief granted by courts in this district under similar circumstances.  *See, e.g.*, *Starion Energy Inc.*, No. 18-12609 (MFW) (Bankr. D. Del. Sept. 30, 2019) (granting a 90-day extension); *In re Bon-Ton Stores, Inc.*, No. 18-10248 (MFW) (Bankr. D. Del. Oct. 22, 2018) (granting a 120-day extension); *In re Venoco, LLC*, No. 17-10828 (KG) (Bankr. D. Del. Jan. 8, 2018) (same); *In re Aquion Energy, Inc.*, No. 17-10500 (KJC) (Bankr. D. Del. Nov. 21, 2017) (granting a 90-day extension); *In re Golfsmith Int'l Holdings, Inc.*, No. 16-12033 (LSS) (Bankr. D. Del. June 5, 2017) (granting a 120-day extension).

19.     Based upon the foregoing, the Debtors respectfully submit that cause exists in these cases to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

## Notice

20.     The Debtors have provided notice of this motion to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the DIP Agents and the Prepetition ABL Agents; (d) counsel to the Prepetition Term Loan Agent and the Prepetition Vender Financing Agent; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue

Service; (g) the United States Securities and Exchange Commission; (h) the state attorneys general for all states in which the Debtors conduct business; and (i) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

21.     No prior request for the relief sought in this motion has been made to this or any other court in connection with these chapter 11 cases.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 6, 2019
    Wilmington, Delaware

/s/ *Domenic E. Pacitti*
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Sally E. Veghte (DE Bar No. 4762)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193

- and -

Matthew M. Murphy (admitted *pro hac vice*)
Nathan S. Gimpel (admitted *pro hac vice*)
Matthew Smart (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

*Co-Counsel to the Debtors and Debtors in Possession*

9